**Harold N. GLICKMAN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 20959.

United States Court of Appeals
Ninth Circuit.

Oct. 19, 1966.

William J. Bluestein, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and POWELL, District Judge.

CHAMBERS, Circuit Judge.

Glickman, a bail bondsman, told a federal grand jury that he had received no money from one Zavada, a federal fugitive whose bond had been forfeited. As a matter of fact, he had received $7,500 from a Mrs. Buckner, who was a friend of Zavada and a guarantor to Glickman and another on Zavada's surety bond. Zavada had passed the money through Mrs. Buckner, who purchased a cashier's check for $7,500 and gave it to Glickman.

Promptly thereafter, while still before the grand jury, Glickman was confronted with the endorsed cashier's check. At this juncture, he did the only thing left to do: he told the truth. The truth shows Glickman knew where Mrs. Buckner got the money.

Glickman thereafter was indicted for perjury (there were additional counts). He was convicted of perjury at a trial before a judge, he having waived a jury. We affirm.

We find no merit to the appeal. The assertions here that Glickman was confused when he testified and that the question and answer were not material to the inquiry of the grand jury seem very plausible if one reads only appel-

lant's brief. A reading of the record dispels any such notions. The contentions are specious at best. Appellant's counsel is referred to Canon 22 of the canons of professional ethics of the American Bar Association. That canon requires a candid presentation to the court.

A contention that the filing of some jury instructions by the government which were not served, as required by Rule 30, Federal Rules of Criminal Procedure, upon Glickman's counsel constitutes error amounts, in this case, to nothing. At the time the instructions were filed the government and the court had the case listed as a jury case. The jury subsequently was waived. Although the court did see the proposed jury instructions before deciding the case, counsel for defendant contemporaneously agreed that the instructions were correct. We reverse for prejudicial error; this was not.

This is an unusual case in that ordinarily it takes a little while to expose perjury. That the government was able to do it immediately and precipitate a recantation does not expiate the crime, old fashioned as the crime is.

Affirmed.